UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JOEY LIENDER,<br><br>        Plaintiff,<br><br>v.<br><br>CARL E. KINGSTON, et al.,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT AND TEMPORARILY GRANTING MOTION TO WAIVE FILING FEE (DOC. NO. 2)**<br><br>Case No. 2:25-cv-00002<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

      Joey Liender filed this action without an attorney and without paying a filing fee.[1] The court temporarily granted Mr. Liender's motion to waive the filing fee and stayed the case for screening.[2] As it stands, Mr. Liender's complaint fails to state a plausible claim for relief under federal law, and the court lacks an independent basis for jurisdiction over his state law claims. Accordingly, Mr. Liender is permitted to file an amended complaint by **September 23, 2025**. The court again temporarily grants the motion to waive the filing fee[3] pending screening of the amended complaint, if any is filed.

---

[1] (*See* Compl., Doc. No. 1; Mot. to Waive Filing Fee, Doc. No. 2.)

[2] (*See* Order Temp. Granting Mot. to Waive Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 5.)

[3] (Doc. No. 2.)

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[4] In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] To avoid dismissal under this rule, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[7] But a court need not accept the plaintiff's conclusory allegations as true.[8] "[A] plaintiff must offer specific factual allegations to support each claim,"[9] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

suffice."[10]  This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[11]

      Because Mr. Liender proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[12]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[13]  For instance, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[14]  While courts must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[15] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

---

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[11] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[12] *Hall*, 935 F.2d at 1110.

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[14] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

## ANALYSIS

Mr. Liender brought this case against various individuals and entities who he asserts are associated with a group he calls the "Kingston clan."[17] In short, Mr. Liender alleges some of the defendants engaged in various forms of misconduct during several Utah state court proceedings.[18] He specifically claims the defendants fabricated evidence, committed perjury, violated various court rules, and acted in contempt of court as defined in Utah Code §§ 78B-6-301 and -302.[19] He also alleges they used court proceedings to harass him and his adult son.[20] Mr. Liender contends the defendants are "motivated by racial hatred"—and one defendant (an attorney) called him a racial slur.[21] Mr. Liender asserts causes of action for abuse of process, "fraud and willful misrepresentation," breach of contract, assault, intentional infliction of emotional distress, "unintentional infliction of emotional distress," and "federal civil-rights conspiracy" under 42 U.S.C. § 1985(3).[22]

---

[17] (*See* Compl. 4, Doc. No. 1.) Because the complaint contains inconsistent paragraph numbering, citations to the complaint in this order refer to page numbers.

[18] (*Id.* at 7–13.)

[19] (*Id.* at 7–20.)

[20] (*Id.*)

[21] (*Id.* at 7–8, 14.)

[22] (*Id.* at 14–33.) Mr. Liender also references the Americans with Disability Act, 42 U.S.C. § 12101 et seq., in the paragraph of his complaint addressing jurisdiction. (Compl. 2, Doc. No. 1.) But he does not assert a cause of action or allege disability discrimination under this statute.

Mr. Liender's only federal law claim is his § 1985(3) conspiracy claim. But he fails to state a plausible claim for relief under this statute. Section 1985(3) addresses conspiracies to deprive persons of "equal protection of the laws, or of equal privileges and immunities under the laws."[23] "The essential elements of a 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[24] This statute "does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'"[25] In other words, "the plaintiff must be a member of a statutorily protected class, and the actions taken by defendant must stem from plaintiff's membership in the class."[26] Section 1985(3) only applies to private conspiracies if they are "aimed at interfering with rights constitutionally protected against private, as well as official, encroachment."[27] The Supreme Court has recognized "few such rights": "only the Thirteenth Amendment right to be free from

---

[23] 42 U.S.C. § 1985(3).

[24] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)).

[25] *Id.* (quoting *Griffin*, 403 U.S. at 101–02).

[26] *Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 746 (10th Cir. 1980).

[27] *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 833 (1983); *see also Tilton*, 6 F.3d at 686 ("1985(3) applies to private conspiracies only in the event that the right aimed at by the conspiracy is one protected against both public and private interference.").

involuntary servitude, and, in the same Thirteenth Amendment context, the right of interstate travel."[28]

Mr. Liender's allegations are insufficient to state a claim under these elements. Although Mr. Liender alleges racial hatred motivated the defendants, he does not claim he is a member of a protected class. And even assuming he could remedy this deficiency, Mr. Liender fails to allege the conspiracy was aimed at any right constitutionally protected against private encroachment. The defendants are private individuals and entities, yet Mr. Liender has not alleged they interfered with either his right to be free from involuntary servitude or right of interstate travel—the two rights the Supreme Court recognized as protected against private conspiracies under § 1985(3).[29] Accordingly, Mr. Liender fails to state a claim under § 1985(3), and this claim is subject to dismissal.

Mr. Liender's remaining claims arise under state law.[30] The court lacks independent subject-matter jurisdiction over these claims because Mr. Liender does not

---

[28] *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993) (citation modified); *see also Duran v. Cmty. First Bankshares, Inc.*, 92 F. App'x 756, 762 (10th Cir. 2004) (unpublished) ("The Supreme Court has recognized only two rights as protected against private conspiracies under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel, both under the Thirteenth Amendment.").

[29] *See Duran*, 92 F. App'x at 762.

[30] Some courts have recognized 42 U.S.C. § 1983 as a vehicle for abuse of process claims brought against state actors. *See, e.g.*, *McRoberts v. Rosas*, No. 21-2470, 2022 U.S. Dist. LEXIS 175246, at *24 (D. Kan. Sep. 27, 2022) (unpublished). *But see Lowrey v. Collela*, No. 1:24-cv-00225, 2025 U.S. Dist. LEXIS 90212, at *10 (D.N.M. May 9, 2025) (unpublished) (finding § 1983 does not create a cause of action for civil abuse of

establish complete diversity of citizenship between himself and the defendants.[31] Instead, Mr. Liender alleges he is a resident of Utah and several defendants are citizens of Utah.[32] If the § 1985 conspiracy claim is dismissed, the court should decline to exercise supplemental jurisdiction over Mr. Liender's state law claims,[33] and those claims should also be dismissed.

For all these reasons, Mr. Liender's complaint is subject to dismissal.[34] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[35] Accordingly, Mr. Liender will be given an opportunity to amend his complaint.

## CONCLUSION

1.  Mr. Liender may file an amended complaint by **September 23, 2025**. The words "Amended Complaint" should appear in the caption of the document.

---

process). But here, Mr. Liender does not assert a claim under 42 U.S.C. § 1983, and he does not allege any defendants are state actors.

[31] *See* 28 U.S.C. § 1332(a); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant.").

[32] (*See* Compl. 2–3, Doc. No. 1.)

[33] *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

[34] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[35] *Kay*, 500 F.3d at 1217 (citation omitted).

2.Mr. Liender is advised that an amended complaint will completely replace all prior versions of the complaint.  Claims which are not realleged in the amended complaint will be deemed abandoned.[36]

3.Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[37]

4.Other than an amended complaint, the restriction on filing other documents set forth in the court's January 3, 2025 order[38] remains in place.

5.Failure to file an amended complaint may result in dismissal of this action.

DATED this 2nd day of September, 2025.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[36] *See Tufaro v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("An amended complaint supersedes a prior complaint and renders it of no legal effect.  Failing to replead a claim, when given leave to do so, ordinarily constitutes abandonment when an amended complaint is filed." (citation modified)).

[37] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202024.pdf [https://perma.cc/CSX4-8M5T].

[38] (Doc. No. 5.)